UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| QUANTEL LOTTS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-1087 RWS |
| | ) | |
| STANLEY PAYNE, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. The petition is successive and shall be summarily dismissed.

**Background**

On November 6, 2002, petitioner was convicted of murder in the first degree and armed criminal action in St. Francois County, Missouri. The court sentenced petitioner to consecutive terms of life imprisonment without parole and life imprisonment.

Petitioner sought state and federal habeas relief after the conviction. *See Lotts v. State*, No. 04CV612365 (St. Francois County Mar. 14, 2005) (denying motion); *Lotts v. Larkins*, No. 4:07-CV-610 RWS (E.D. Mo. Feb. 22, 2010) (denying petition). Petitioner sought a certificate of appealability from the Eighth Circuit Court of Appeals, and the Court denied petitioner's application and dismissed his appeal. *See Lotts v. Norman*, No. 10-2729 (8th Cir. Nov. 23, 2010).

In this newly-filed § 2254 petition, petitioner asserts that July 3, 2018, the same date he filed this § 2254 action, he also filed an application for authorization to file a successive habeas petition in the Eighth Circuit Court of Appeals. As of this date, petitioner's application has been docketed in the Eighth Circuit, but no activity has occurred in the case.

**Discussion**

In his petition before the Court, petitioner seeks relief under the Supreme Court cases of *Miller v. Alabama*, 567 U.S. 460 (2012) and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016). On June 25, 2012, the United States Supreme Court issued its opinion in *Miller*, holding that the Eighth Amendment prohibits mandatory sentences of life without parole for juvenile offenders. On January 27, 2016, in *Montgomery*, the Supreme Court held that the *Miller* rule must be applied retroactively.

Based on *Miller*, petitioner filed a petition for writ of habeas corpus in state court in April 2017. On March 9, 2018, the trial court denied his petition. He filed a habeas petition in the Missouri Court of Appeals for the Eastern District raising these *Miller* claims, and on March 12, 2018, the Court of Appeals summarily denied his petition. On March 13, 2018, petitioner filed a habeas petition in the Missouri Supreme Court, and on July 3, 2018, the Missouri Supreme Court denied his petition.

On July 3, 2018, petitioner filed this § 2254 petition and simultaneously filed an application for authorization to file a successive habeas petition in the Eighth Circuit Court of Appeals. Petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before he can bring his claims in this Court. But (b)(3)(A). Petitioner has not been

granted leave to file a successive habeas petition in this Court. As a result, this Court does not have jurisdiction over petitioner's petition for relief and the petition shall be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that counsel Alicia A. D'Addario's motion for leave to proceed pro hac vice is **GRANTED**. [ECF No. 3]

**IT IS FURTHER ORDERED** that petitioner's application for writ of habeas corpus is **DENIED and DISMISSED AS SUCCESSIVE**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 16th day of July, 2018.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE