UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| QUANTEL LOTTS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-1087 RWS |
| | ) | |
| STANLEY PAYNE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Petitioner Quantel Lotts moves for an altered or amended judgment of my order, [No. 4], dismissing his habeas petition as successive. Lotts' current claim "had not arisen at the time of [his] previous petition," Singleton v. Norris, 319 F.3d 1018, 1023 (8th Cir. 2003). As a result, his current petition is not barred as successive under 28 U.S.C. § 2244(b)(3)(A), and I will vacate my previous memorandum and order.

### BACKGROUND

On November 6, 2002, Lotts was convicted of murder in the first degree and armed criminal action in St. Francois County, Missouri, for killing seventeen-year-old Michael Barton when he was fourteen. The state court sentenced Lotts to consecutive terms of life imprisonment without parole and life imprisonment. Lotts challenged his ruling on direct appeal and in state and federal habeas corpus proceedings after the conviction. See Lotts v. State, No. 04CV612365 (St. Francois County Mar. 14, 2005) (denying motion); Lotts v. Larkins, No. 4:07-CV-610 RWS (E.D. Mo. Feb. 22, 2010) (denying petition). Lotts now brings a second petition for writ of habeas corpus on the basis that his sentence of life imprisonment without parole violates the Eighth Amendment

-1-

pursuant to Miller v. Alabama, 567 U.S. 460 (2012), and Montgomery v. Louisiana, 136 S. Ct. 718 (2016).

**LEGAL STANDARD**

I may amend an order to "correct manifest errors of law or fact." Sipp v. Astrue, 641 F.3d 975, 980 (8th Cir. 2011). Pursuant to 28 U.S.C. § 2244(b)(3)(A), petitioners seeking habeas corpus relief can only file a second or successive application by first receiving authorization from the United States Court of Appeals. In the context of a habeas corpus proceeding, " '[s]econd or successive' is a term of art and not every habeas petition that is second in time requires preauthorization." Williams v. Hobbs, 658 F.3d 842, 853 (8th Cir. 2011). Specifically, "[w]here a claimant could not have raised a claim in his first habeas petition because it had not yet arisen, he will be allowed to seek a second habeas petition without first obtaining" authorization from the United States Court of Appeals. Id.

**ANALYSIS**

In his pending petition for a writ of habeas corpus, Lotts relies on Miller v. Alabama's holding that the Eighth Amendment protects juvenile offenders from being sentenced to life imprisonment without parole. 567 U.S. at 470. Lotts filed his first petition for a writ of habeas corpus in 2007, and I denied that petition in 2010. *Lotts v. Larkins*, No. 4:07-CV-610 RWS (E.D. Mo. Feb. 22, 2010) (No. 34). Miller was decided in 2012, and it was made retroactive as a new rule of constitutional law in 2016 by Montgomery v. Louisiana. 136 S. Ct. 718, 732. Lotts "could not have raised a claim" that his sentence violated the Eighth Amendment under Miller at the time he filed his original petition. "Before Miller, every juvenile convicted of a homicide offense could be

sentenced to life without parole." Id. at 734. As a result, Lotts' claim that his sentence violates

Miller, is not a successive petition.

Accordingly,

**IT IS HEREBY ORDERED** that Lotts motion to alter judgment, [No. 5], is **GRANTED.**

This case is reopened, and a case management order shall be forthcoming.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 14th day of September, 2018.