UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| QUANTEL LOTTS, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 4:18-CV-1087 RWS |
| STANLEY PAYNE, | ) ) ) ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

Petitioner Quantel Lotts seeks a writ of habeas corpus, under 28 U.S.C. § 2254, arguing that his due process rights have been violated. ECF No. [1]. After careful consideration of Lotts' petition. ECF No. [1], and respondent's brief ECF No. [17], I will deny Lotts' petition.

# BACKGROUND

Lotts was indicted by a St. Francois County grand jury on April 25, 2000, on one count of murder in the first degree and one count of armed criminal action related to the death of his stepbrother, Michael Barton. Lotts was convicted of both charges on November 6, 2002. On January 17, 2003, Lotts was given the mandatory sentence for murder in the first degree, life without parole. He was also sentenced to a consecutive term of life imprisonment for his conviction of armed criminal action. At the sentencing hearing the victim's mother spoke on Lotts

1

behalf, but because of the mandatory nature of the sentence her testimony could not be considered, nor could Lotts' age. Lotts was 14 at the time of the murder.

Lotts appealed the conviction, arguing that the trial court erred by overruling his motion for judgment of acquittal due to lack of evidence of deliberation, overruling his hearsay objection, and failing to correct the prosecutors improper closing. The Missouri Court of Appeals affirmed the trial court's decision on January 20, 2004. Lotts timely filed a motion for post-conviction relief arguing that trial counsel was ineffective. The motion was denied on March 14, 2005, and the Missouri Court of Appeals affirmed the denial on April 4, 2006. Lotts then filed a Petition for Writ of Habeas Corpus in the Missouri Circuit Court for the Twenty-Fourth Judicial Circuit. The petition was dismissed on March 25, 2009. He subsequently filed Petitions for Writ of Habeas Corpus in the Missouri Court of Appeals and Missouri Supreme Court, which were also denied. Lotts then filed a Petition for Writ of Habeas Corpus in federal court, which was denied on February 22, 2010.

After Lotts exhausted all of his remedies, the United States Supreme Court issued two decisions impacting the constitutionality of Lotts conviction.  In June 2012, the Supreme Court held in Miller v. Alabama, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012), that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's

2

prohibition on 'cruel and unusual punishment.'" Id. At 465. And in January 2016, the Supreme Court issued Montgomery v. Louisiana, 577 U.S. 190, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016), as revised (Jan. 27, 2016), which held that "Miller announced a substantive rule of constitutional law," which under Teague v. Lane, 489 U.S, 1060 (1989), must be applied retroactively to all cases on collateral review. Based on the new ruling in Miller, Lotts filed a Petition for Writ of Habeas Corpus in the Missouri Supreme Court. After the Supreme Court issued its order in Montgomery, Lotts filed a Motion for Summary Judgment in his Habeas case, requesting resentencing under State v. Hart, 404 S.W.3d 232 (Mo. Banc 2013). The Missouri Supreme Court initially sustained Lotts petition, granting him eligibility for parole after 25 years. Lotts filed a Motion for Reconsideration in March 2016. Then in July 2016 the Missouri legislature enacted Missouri Annotated Statute § 558.047, which made juveniles serving life without parole eligible for parole after serving 25 years of their sentence. After this law was enacted, the Missouri Supreme Court withdrew its previous order and dismissed Lotts' petition as moot.

In April 2017, Lotts once again sought habeas relief in state court, arguing that Mo. Rev. Stat. § 558.047 was insufficient under Miller and Montgomery because it does not provide a meaningful opportunity for release and fails to provide individualized sentencing as discussed in Miller. The state court denied his

3

petition. He then filed petitions in the Missouri Court of Appeals and the Missouri Supreme Court, both of which were denied. Lotts then filed this petition on July 3, 2018. He simultaneously filed a request for authorization to file a successive habeas petition, which the Eighth Circuit denied on November 1, 2018.

## LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), federal habeas relief is available to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990).

Prior to bringing a § 2254 petition a prisoner of the state must exhaust the state law remedies available to them. In O'Sullivan v. Boerckel, the Supreme Court of the United States determined that for purposes of exhaustion a "state prisoner must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). In Missouri, because it is considered an extraordinary measure, a prisoner need not appeal their claim to the State Supreme Court to exhaust their remedies under § 2254. See Mo. Sup. Ct. R. 83.04; see also Randolph v. Kemna, 276 F.3d 401, 404 (8th Cir. 2002).

4

A federal court reviewing a state conviction in a 28 U.S.C. § 2254 proceeding may ordinarily only consider those claims the petitioner exhausted. Beaulieu v. Minnesota, 583 F.3d 570, 573 (8th Cir. 2009) (quoting Gilmore v. Armontrout, 861 F.2d 1061, 1065 (8th Cir. 1988)). If the petitioner failed to properly exhaust the claim in state court, and no adequate non-futile remedy is currently available by which he may bring the claim in that forum, the claim is deemed procedurally defaulted and cannot be reviewed by the federal habeas court "unless the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991), see also Martinez v. Ryan, 566 U.S. 1, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012).

Where the state court adjudicated a claim on the merits, federal habeas relief can only be granted if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); see Williams v. Taylor, 529 U.S. 362, 379, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). The federal law must be clearly established at the time petitioner's state

conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court. Id. at 380–83.

"A state court's decision is 'contrary to' clearly established Supreme Court precedent when it is opposite to the Supreme Court's conclusion on a question of law or different than the Supreme Court's conclusion on a set of materially indistinguishable facts." Carter v. Kemna, 255 F.3d 589, 591 (8th Cir. 2001) (citing Williams, 529 U.S. at 412–13). "A federal court may grant relief under the 'unreasonable application' clause if the state court correctly identified the governing legal principle, but unreasonably applied it to the facts of the particular case." Jackson v. Norris, 651 F.3d 923, 925 (8th Cir. 2011) (citing Bell v. Cone, 535 U.S. 685, 694, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002)). "A state court's application of clearly established federal law must be objectively unreasonable, and not merely incorrect, to warrant the granting of a writ of habeas corpus." Jackson, 651 F.3d at 925 (citing Bell, 535 U.S. at 694).

Finally, when reviewing whether a state court decision involves an "unreasonable determination of the facts" in light of the evidence presented in the state court proceedings, state court findings of basic, primary, or historical facts are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Collier v. Norris, 485 F.3d 415, 423 (8th Cir. 2007). "[E]ven erroneous fact-finding by the [state] courts will not justify

granting a writ if those courts erred 'reasonably.' " Weaver v. Bowersox, 241 F.3d 1024, 1030 (8th Cir. 2001).

The federal court is "bound by the AEDPA to exercise only limited and deferential review of underlying State court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). To obtain habeas relief from a federal court, the petitioner must show that the challenged state court ruling "rested on an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Metrish v. Lancaster, 569 U.S. 351, 358, 133 S. Ct. 1781, 185 L. Ed. 2d 988 (2013) (quoting Harrington v. Richter, 562 U.S. 86, 102–03, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011)). This standard is difficult to meet. Metrish, 569 U.S. at 357–58.

## ANALYSIS

### A. Successive

Lotts' petition for a writ of habeas corpus is not second or successive. Although the Eighth Circuit denied Lotts' request to file a second or successive habeas petition, it did so summarily, so it is unclear why it denied the request. Lotts v. Steele, No. 17SF-CC00087 (St. Francios Cty. March 9, 2018) (denying petition); State ex rel. Lotts v. Steele, No. ED106459 (Mo. App. E.D. March 12, 2018)(denying petition); State ex rel. Lotts v. Steele, No. SC97025 (Mo. Sup. Ct. July 3, 2018) (denying petition). The Eighth Circuit has denied applications for

7

authorizations to file a second or successive habeas petition because they are unnecessary. See Crouch v. Norris, 251 F.3d 720, 725 (8th Cir. 2001). In his petition for a writ of habeas corpus, Lotts relies on Miller v. Alabama, which held that the Eighth Amendment protects juvenile offenders from being sentenced to life imprisonment without parole. Miller, 567 U.S. at 470. Lotts filed his first petition for a writ of habeas corpus in 2007, which I denied in 2010. Lotts v. Larkins, No. 4:07-CV-610 RWS (E.D. Mo. Feb. 22, 2010) (No. 34). Miller was decided in 2012, and it was made retroactive as a new rule of constitutional law in 2016 by Montgomery, 136 S. Ct. at 732. Lotts "could not have raised a claim" that his sentence violated the Eighth Amendment under Miller at the time he filed his original petition. Therefore, his petition is not second or successive.

**B. Lotts is not entitled to an individualized sentencing and Mo. Rev. Stat. § 558.047 resolved his claim under Miller**

Three of Lotts' claims attack the constitutionality of his sentence and Missouri's "Miller-fix" statute. Specifically, Lotts argues that his life without parole sentence is unconstitutional under Miller and Montgomery and that Mo. Rev. Stat. § 558.047 fails to provide Lotts a meaningful opportunity for release and deprives him of an individualized sentencing. The State argues that Mo. Rev. Stat. § 558.047 moots Lotts' claims and satisfied the requirements of Miller.

Montgomery expressly held that "[a] State may remedy a Miller violation by

8

permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them." Montgomery, 136 S. Ct. at 736. Therefore, it was not unreasonable or contrary to clearly established law for the state court to deny Lotts' claims.

Lotts' argument that he is not eligible for parole because he is serving consecutive life sentences and the Missouri parole board has discretion to decline to consider him for parole is not persuasive. First, the State filed an affidavit indicating that Lotts would be eligible for parole after serving 28 years —25 years on his life without parole sentence and 3 years on his consecutive life sentence. ECF No. [17-7]. Second, Miller and Montgomery do not require that Lotts be released or have a parole hearing by a certain date, rather it requires that Lotts be given a meaningful opportunity for release. Granting Lotts parole eligibility, which will be executed in accordance with the laws of the state, is sufficient. See e.g., Virginia v. LeBlanc, 137, S.Ct. 1726 (2017), Bowling v. Dir., Virginia Dep't of Corr., 920 F.3d 192 (4th Cir. 2019), cert. denied sub nom. Bowling v. Clarke, 140 S. Ct. 2519, 206 L. Ed. 2d 469 (2020). Alleged constitutional deficiencies that exist within the parole process itself are being addressed in Brown v. Precythe, No. 2:17-CV-04082-NKL, 2018 WL 4956519 (W.D. Mo. Oct. 12, 2018), which is currently pending before the 8th Circuit Court of Appeals. Those claims were properly brought under 28 U.S.C. § 1983, and I will not address them here.

9

Additionally, the constitutionality of the parole process is not an appropriate issue to be addressed in this case because Lotts is not currently eligible for parole. See Hack v. Cassady, No. 16-04089-CV-W-ODS, 2019 WL 320586, at *7 (W.D. Mo. Jan. 24, 2019); Stewart v. Bowersox, 2019 WL 2173448 at *3 (May 20, 2019); McCombs v. Lewis, No. 4:16 CV 356 CDP, 2019 WL 1275066 (E.D. Mo. Mar. 20, 2019).

### C. Lotts' sentence is not unconstitutionally vague or ambiguous

Lotts' final argument is that Mo. Rev. Stat. § 558.047 renders his sentence unconstitutionally vague and ambiguous. According to the Missouri Department of Corrections website, Lotts is currently sentenced to life without the possibility of parole, but under the statute he is eligible for parole.[1] Lotts argues that this renders the sentence so ambiguous that it can be interpreted and executed as a sentence of life without parole. The State argues that Lotts' sentence is not ambiguous or vague and that based on the current parole regulations in Missouri, he will be eligible for parole after serving 28 years.

Courts reviewing the issue have held that Mo. Rev. Stat. § 558.047 is a constitutionally sufficient remedy for Miller errors. See Hicklin v. Schmitt, 613 S.W.3d 780, 789 (Mo. Banc 2020); Burris v. Cassady, No. 4:16-CV-01565-JAR, 2021 WL 1380271, at *4 (E.D. Mo. Apr. 12, 2021); cf Montgomery, 136 S. Ct. at

---

[1] Lotts will be eligible for parole in 2028. ECF No. 17-7.

10

736. But I have been unable to find any courts that have addressed the specific issue presented by Lotts. Not even the courts reviewing his habeas petition addressed this claim. Unlike other cases, which directly challenge the remedy provided by Mo. Rev. Stat. § 558.047, Lotts is challenging the ambiguity created by the legislation. He is not arguing that granting him parole eligibility fails to satisfy Miller. Rather, he is arguing that because the statute did not require his sentence to be changed, it created an ambiguity that has allowed the State to continue to execute his sentence as if he were serving life without parole.

Although the state courts reviewing Lotts habeas petition did not address his ambiguity claim, he still must meet his burden "by showing there was no reasonable basis for the state court to deny relief." Harrington, 562 U.S. at 98. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. (citing Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S. Ct. 2140, 158 L. Ed. 2d 938 (2004). In this case, Plaintiff has not met that burden.

The only Supreme Court case Lotts cites to support his argument is United States v. Daugherty, which states that "sentences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them." United States v. Daugherty, 269 U.S. 360, 363, 46 S. Ct. 156, 70 L. Ed. 309 (1926). While this language supports Lotts' argument

11

that his sentence is ambiguous, it is not clear that the case articulates a constitutional standard applicable to the states.  See Costantino v. Filson, 2018 WL 233794 at n. 7 (D. Nev. May 23, 2018).

Even if Daugherty did establish a constitutional standard, "fairminded jurists could disagree" about whether Lotts sentence is ambiguous. Although the Department of Corrections website says that Lotts is serving a sentence of life without parole, Mo. Rev. Stat. § 558.047 makes him eligible for parole after 25 years.[2] While this inconsistency makes his sentence seem ambiguous, it is not. Mo. Rev. Stat. § 558.047 provides clear direction to those executing his sentence that he is now eligible for parole. While it is disappointing that the State of Missouri has granted Lotts parole eligibility but has not taken the necessary steps to ensure he has access to appropriate programing and living conditions, I am bound by AEDPA to exercise only a limited and deferential review. I can only grant a writ of habeas corpus if the state court's application of the law is "objectively unreasonable, not merely incorrect." Jackson, 651 F.3d at 925. Although I disagree with the state court's decision, it was not objectively unreasonable. Therefore, I must deny Lotts' petition as to this claim.

---

[2] The State filed an affidavit stating that Lotts would be eligible to apply for parole after serving 28 years of his sentence of life without parole, 25 years on his conviction for first degree murder and three for his conviction for armed criminal action. See ECF No. 17-7.

12

## **CONCLUSION**

The Missouri Court's decision was not contrary to and did not involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1). Nor "was [it] based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); see Williams, 529 U.S. at 379. Therefore, I must deny Lotts' Petition.

Accordingly,

**IT IS HEREBY ORDERED** the Petition of Quantel Lotts for a writ of habeas corpus is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 29th day of July 2021.